UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KURELL BROWN,

                                Plaintiff,

                -against-

TIFFANY CATHEY; NEUROPALS, INC.;
DEVON STRACHEN; D.A. RODNEY;
SATIY CATHEY; DET. SNEIDER; ERIC
SEARS, ESQ; HON. GEORGE
HUTCHINSON III; OFFICER JOYET;
OFFICER VINAS; NYPD; TERRESS
JAMES,

                                Defendants.

24-CV-1154 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action the Court's federal question

jurisdiction. He asserts claims arising from 2017 to 2024, in New York and Georgia. By order

dated February 23, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees.  For the reasons set forth below, the Court grants

Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.

*See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from Plaintiff's complaint. Plaintiff married Tiffany Cathey ("Tiffany") in 2015, and they lived in Bronx County. (ECF 1 at 6-7.) In April 2017, Plaintiff learned that his wife was expecting a baby. (*Id.*) From August to December 2017, he frequently stayed away from the marital home. (*Id.* at 8.) At some point, Plaintiff began a relationship with a woman he had known since childhood. In November 2017, Tiffany allegedly made a false accusation to police that Plaintiff had assaulted her and had broken down the bathroom door. (*Id.* at 10.) Plaintiff showed the officers, who are not named as defendants in this action, that the bathroom door had not been broken, and that Tiffany had sent him threatening texts; the officers responded that they lacked discretion about whether to arrest, and arrested him. (*Id.* at 10-11.)

Plaintiff's son was born in December 2017. (*Id.* at 13.) From December 2017 to May 2018, Tiffany "manipulated when & how" Plaintiff had contact with his son. One day in May 2018, Tiffany came to pick up the child from Plaintiff's mother's house and she brought her boyfriend, Devon Strachen. (*Id.* at 14.) Devon was surprised and upset to learn that Tiffany and Plaintiff were married, and the situation became "volatile." (*Id.* at 15-16.)  Tiffany dialed 911.

(*Id.* at 15.) Plaintiff "grabbed her phone," and "others in the party thought [that he] was hurting her . . . ." (*Id.* at 15.) Devon punched Plaintiff, and a fist fight between them ensured. Thereafter, Plaintiff was arrested, and Devon was hospitalized. (*Id.* at 16.)

Plaintiff filed for divorce, and Tiffany objected, but Plaintiff understood that a default judgment would eventually be entered. In 2018 and 2019, the Bronx Family Court issued custody and visitation orders, but these were "[n]ever enforced." (*Id.*) During the Covid-19 pandemic, Plaintiff agreed to temporarily suspend visitation with his son. (*Id.* at 18.) By that time, most of the criminal charges against Plaintiff (arising from false arrests precipitated by Tiffany) had been dismissed. On Father's Day 2020, Plaintiff was scheduled to see his son, but after only ten minutes, Tiffany left with the child, and Plaintiff has not seen his son since.

Plaintiff learned that Tiffany had reported that she and someone named Terress James had witnessed Plaintiff vandalizing her car at 2 a.m. in Bronx County on an unspecified date. Although Plaintiff was not arrested based on these false allegations, Tiffany obtained a two-year Order of Protection.

Attorney Eric Sears was Plaintiff's assigned defense counsel for one or more of Plaintiff's criminal cases. In 2021, Sears informed the presiding judge that Plaintiff had engaged in "stall tactics"; Plaintiff contends that Sears did so in an attempt to cover up his own failure to take any action,  (*Id.* at 21.)  The judge terminated Sears's representation of Plaintiff, and directed Assistant District Attorney (ADA) Rodney to investigate the situation with Tiffany and the Family Court; however, no investigation took place. By 2023, Plaintiff had "beaten" all pending criminal charges against him.

The Bronx Family Court had directed Tiffany not to move out of state, but at some point she moved to Georgia, where she operates or is employed with a nonprofit, Neuropals Inc. (*Id.* at

22.) In Georgia, Tiffany filed for divorce and sole custody of the child. Plaintiff learned of the court filing when an attorney found a notice published in the newspaper. (*Id.* at 23.) Plaintiff understood that the courts in Georgia lacked jurisdiction of the matter; he filed an 18-page "protest," explaining Tiffany's violation of custody and visitation orders issued in Bronx County, and requested an adjournment of a hearing or permission to appear by video because of his recent surgery. (*Id.* at 23.) In the Family Court proceedings, Judge George Hutchison III awarded Tiffany full custody "out of spite," based on Plaintiff's having adopted the position that the Georgia courts lacked jurisdiction and that he was therefore not required to appear. (*Id.* at 24.)

Plaintiff asked unspecified officials from the New York City Police Department (NYPD) to charge Tiffany with N.Y. Penal Code 135.45, which prohibits "custodial interference," but he was told that the situation was a civil matter. The NYPD's internal affairs unit "kicked [Plaintiff's] case back to Det. Sneider 3 times," and no action against Tiffany was taken. (*Id.* at 24.) Plaintiff was told that he could call 911 when Tiffany was present in New York. (*Id.* at 25.)

On January 17, 2022, Tiffany returned to New York to answer a summons, apparently from the Bronx Family Court. Plaintiff was outside the Bronx Family Court, and he called 911 to report that Tiffany was in New York. As he was on the phone, Court Officer Joyet "assaulted [Plaintiff] from behind." (*Id.* at 25.)  He allegedly did so pursuant to Court Officer Vinas's plan "to thwart Tiffany's arrest." (*Id.*) The court officers "conjured the story of saving an unknown female." (*Id.*) Plaintiff was detained for seven hours, during which he was "beaten" and "cuffed." (*Id.*)

Plaintiff sues the NYPD, Detective "Sneider," Court Officers Joyet and Vinas, Bronx County ADA Rodney, defense counsel Eric Sears, and Judge George Hutchison III of Georgia. In addition, Plaintiff sues his ex-wife Tiffany Cathey, Satiy Cathey, who may be Tiffany's mother,

Tiffany's employer, Neuropals Inc., her boyfriend Devon Stratchen, and her friend, Terress

James. Plaintiff invokes the U.S. Constitution, as well as "unlawful imprisonment," "parental

rights," New York's Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA),

"Voter's Rights, structured divorce, Federal Copyright, Patent & Trademark laws, and CCE

undertones." (*Id.* at 2.) He seeks damages and injunctive relief.

## DISCUSSION

The Court construes Plaintiff's allegations that Defendants' violated his constitutional

rights against various individuals and entities as asserting claims arising under 42 U.S.C.

§ 1983.[1] To state a Section 1983 claim, a plaintiff must allege that a person acting under the color

of state law, or a "state actor," violated  a right secured by the Constitution or laws of the United

States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**A.    NYPD**

Plaintiff's claims against the NYPD must be dismissed because an agency of the City of

New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and

proceedings for the recovery of penalties for the violation of any law shall be brought in the

name of the city of New York and not in that of any agency, except where otherwise provided by

law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City

of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited

from suing a municipal agency."). Any claim against the NYPD must be brought against the City

of New York.

---

[1] There are no facts alleged in the complaint that implicate rights under the Copyright Act, Trademark Act, Patent Law, or the Voting Rights Act. The Court therefore dismisses those claims for failure to state a claim on which relief can be granted, without further analysis.

When a plaintiff sues a municipality such as the City of New York under Section 1983, however, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)). Plaintiff has not alleged that any policy, custom, or practice of the NYPD caused a violation of his constitutional rights, and the Court therefore declines to substitute the City of New York as a defendant for the NYPD.

## B.    Immune Defendants

### 1.    Judge George Hutchinson III

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff sues Judge Hutchinson based on his ruling that the Georgia court could adjudicate the child custody issue because of the length of time that Tiffany had been living in Georgia. Because Plaintiff sues Judge Hutchinson for "acts arising out of, or related to, individual cases before him," Judge Hutchinson is immune from suit for such claims for damages. *Bliven*, 579 F.3d at 210. Plaintiff also does allege that a declaratory decree was violated or declaratory relief was unavailable, and thus there is no basis for injunctive relief. *See, e.g.*, *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order."). The Court therefore dismisses Plaintiff's claims against Judge Hutchinson because they seek monetary relief against a defendant who is immune from such relief, and for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). This claim should not be repleaded in an amended complaint as it would be futile to do so.

2.    ADA Rodney

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal

quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit

for acts that may be administrative obligations but are "directly connected with the conduct of a

trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff alleges that a judge presiding over his criminal proceedings directed ADA

Rodney to look into his allegations about the Family Court, but she did not do so. These claims

against ADA Rodney are based on actions within the scope of her official duties as an Assistant

District Attorney and associated with the judicial proceedings. ADA Rodney is therefore immune

from suit for claims, and the claims are dismissed because they seek monetary relief against a

defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii). This claim should not

be repleaded in an amended complaint as it would be futile to do so.

## C.    Detective Sneider

Plaintiff alleges that, when his ex-wife moved to Georgia with their child, allegedly in

violation of Bronx Family Court orders, he asked the NYPD to charge his ex-wife with violating

N.Y. Penal Code § 135.45, which prohibits "custodial interference." (ECF 1 at 24.) Detective

Sneider failed to take any action against Plaintiff's ex-wife, despite Plaintiff's repeated requests.[2]

As an initial matter, "a private citizen lacks a judicially cognizable interest in the

prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973);

*Leek v. Timmerman*, 454 U.S. 83, 86-87(1981) (a private individual lacks standing to seek the

issuance of an arrest warrant).

Moreover, to the extent that Plaintiff is alleging that Detective Sneider violated his rights by

failing to investigate his complaints about his ex-wife Tiffany, Plaintiff cannot state a claim upon

---

[2] Plaintiff does not indicate whether he raised in the Bronx Family Court the issue of his ex-wife's alleged violation of court orders.

which relief may be granted because the Constitution of the United States does not generally provide individuals with an affirmative right to an investigation by the government. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196–97 (1989) (holding that the Due Process Clauses "generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual"); *Bernstein v. New York*, 591 F. Supp. 2d 448, 460, 465 (S.D.N.Y. 2008) ("Courts within the Second Circuit have determined that there is no constitutional right to an investigation by government officials." (collecting cases)). The Court therefore dismisses Plaintiff's Section 1983 claims against Detective Sneider for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.    Court Officers Joyet and Vinas**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff alleges that Court Officer Vinas had a plan "to thwart Tiffany's arrest." (ECF 1 at 25.) Officers Vinas and Joyet "conjured the story of saving an unknown female." (*Id.*) Court Officer Joyet "assaulted [Plaintiff] from behind" while Plaintiff was outside the courthouse

9

of the Bronx Family Court. Plaintiff was detained for seven hours, during which he was "beaten" and "cuffed," (*id.*), though it is unclear who is alleged to have done so.

Plaintiff's allegations about the alleged plan by Officer Vinas to thwart Tiffany's arrest, the concocted story about an "unknown female," and being "beaten" during detention by one or more individuals who are not specified are insufficient to comply with Rule 8. Plaintiff fails to include facts sufficient to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570. Because Plaintiff proceeds *pro se*, the Court grants Plaintiff leave to replead his claims against Officers Vinas and Joyet and to include additional facts about what happened.

Plaintiff does allege that Officer Joyet "assaulted" him, apparently in the course of an arrest. "To demonstrate a violation of one's rights pursuant to the Fourteenth Amendment's Due Process Clause, an arrestee 'must show only that the force purposely or knowingly used against him was objectively unreasonable.'" *Lopez v. Gerace*, No. 18-CV-0952, 2019 WL 1260508, at *2 (N.D.N.Y. Mar. 19, 2019) (*quoting Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)). In evaluating whether the force used against an individual was objectively unreasonable, the facts and circumstances of each case must be assessed. *See id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Plaintiff's allegation that Officer Joyet "assaulted" him during the arrest is a legal conclusion rather than a factual allegation about what happened and is therefore insufficient to plead that the force used was unreasonable. The Court directs Plaintiff, if he repleads this claim in an amended complaint, to include facts about the circumstances of the encounter and what Officer Joyet did or failed to do that violated Plaintiff's rights.

## E.    Constitutional claims against private parties

### 1.    Private individuals

A claim for relief under section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983.

Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723

F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531

U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)

("[T]he United States Constitution regulates only the Government, not private parties.").

Plaintiff sues numerous private parties, including his ex-wife Tiffany Cathey, Satiy

Cathey, Devon Strachen, and Terress James. These defendants are not alleged to have been

acting on behalf of any state or other government body. *See West*, 487 U.S. at 49  ("The

traditional definition of acting under color of state law requires that the defendant . . . exercise[ ]

power  . . . made possible only because the wrongdoer is clothed with the authority of state law.")

(internal quotation marks and citation omitted). Because these individuals are private parties not

alleged to have been acting under color of state law, Plaintiff has not stated a Section 1983 claim

against Defendants Tiffany Cathey, Satiy Cathey, Devon Strachen, and Terress James.

Plaintiff also sues his former defense counsel, Eric Sears. Absent special circumstances,

which are not present here, that suggest concerted action between an attorney and a state

representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v.*

*S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by counsel in

state criminal proceedings does not constitute the degree of state involvement or interference

necessary to establish a claim under section 1983, regardless of whether that attorney is privately

retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d

88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also*

*Frierson-Harris v. Hough*, No. 05-CV-3077, 2006 WL 298658, at *5 (S.D.N.Y. Feb. 7, 2006)

("That a lawyer is an officer of the court does not render him a state actor for purposes of

§ 1983.").Plaintiff thus fails to state a Section 1983 claim against Defendant Sears because, in

representing Plaintiff, he was not functioning as a state actor. This Section 1983 claim should therefore not be repleaded in an amended complaint.

    2.    Neuropals, Inc.

Plaintiff sues a private non-profit company, Neuropals Inc, with which his ex-wife is affiliated. The activity of a private entity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fact that an entity receives public funds, is subject to extensive regulation, or performs public contracts does not convert private action into state action. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41 (1982). In analyzing whether a private entity acts under color of state law for purposes of Section 1983, a court first "identif[ies] the specific conduct of which the plaintiff complains." *Id.*

Plaintiff alleges that "Neuropals is a 501(c) non-profit; making my son's kidnapping Federally funded to Tiffany Cathey directly." (ECF 1 at 27.) He seems to suggest that (1) Neuropals is a government actor because it receives a tax benefit as a nonprofit; and (2) because his ex-wife earns her living from Defendant Neuropals, which he believes is a government actor, it bears some responsibility for the outcome of the custody dispute. Contrary to Plaintiff's assertion, Neuropals, Inc. cannot be deemed a state actor on the basis of its nonprofit tax status. A private company does not qualify as a state actor based "solely on the private entity's creation, funding, licensing, or regulation by the government," *Cranley v. Nat'l Life Ins. Co. of Vermont*, 318 F.3d 105, 112 (2d Cir. 2003), and the fact that the entity was organized as a nonprofit does not make it a state actor. Plaintiff's Section 1983 claims against

Defendant Neuropals, Inc. must therefore be dismissed because this defendant is not acting under color of state law.

### F.    Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having concluded that Plaintiff fails to state a claim arising under federal law, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state a valid claim against certain defendants as specified above (in particular against Court Officers Joyet and Vinas), the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

If Plaintiff chooses to file an amended complaint, first, Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly

involved in the deprivation of his federal rights.  If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3]  The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing Section 1983 claims, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how; when, and where such violations occurred; and why Plaintiff is entitled to relief.

---

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 20124, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

14

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-1154 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff may consent to accept service of documents in this case by email, instead of regular mail, by completing the attached form, Consent to Electronic Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 2, 2025
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project assists plaintiffs and defendants on a variety of federal legal issues, including, among others, civil rights, employment discrimination, and disability discrimination. The team also assists incarcerated individuals with civil (non-criminal) claims.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including mediation)

 **Reviewing drafted pleadings** and correspondence with the Court

## HOW TO ACCESS OUR SERVICES



For assistance, please complete the **online form** located on our website, https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

If you are not able to complete the form, or you have questions about the form, please **call (212) 382-4794.** Please leave a message and wait for us to call you back.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                     Middle Initial        Last Name

_____

Street Address

_____

County, City                              State                Zip Code

_____        _____

Telephone Number                          Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                       Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                       State               Zip Code

Defendant 2:

First Name                       Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                       State               Zip Code

Defendant 3:

First Name                       Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                       State               Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.