UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KURELL BROWN,

                             Plaintiff,

           -v-

TIFFANY CATHEY *et al.*,

                        Defendants.

---

24 Civ. 1154 (PAE) (GWG)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

On February 14, 2024, *pro se* plaintiff Kurell Brown initiated this action, bringing claims under 42 U.S.C. § 1983 and other federal statutes. Dkt. 1. On January 2, 2025, Chief Judge Laura Taylor Swain granted Brown leave to amend the Complaint, having identified numerous deficiencies therein. Dkt. 4. These included that it named private parties who could not be sued under § 1983 and failed to plead facts supporting a plausible claim for relief. *Id.* at 9–11.

On March 31, 2025, Brown filed the First Amended Complaint, alleging that, in sum and substance, his ex-wife and her boyfriend had filed false domestic violence charges against him, resulting in his loss of parental rights and livelihood, among other things. Dkt. 8 ("FAC"). On April 23, 2025, the case was reassigned to this Court, which referred it to the Honorable Gabriel W. Gorenstein, United States Magistrate Judge, for general pretrial supervision. Dkt. 10.

On May 7, 2025, Judge Gorenstein ordered Brown to show cause why the FAC should not be dismissed for failure to state a claim upon which relief could be granted. Dkt. 11.[1] Brown did not respond. On June 9, 2025, Judge Gorenstein ordered Brown to show cause why the FAC

---

[1] Brown proceeded *in forma pauperis*, making 28 U.S.C. § 1915 applicable. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted").

should not be dismissed for failure to state a claim, and under Federal Rule of Civil Procedure 41(b) for failure to comply with the earlier order. Dkt. 13. Brown again did not respond. On September 29, 2025, this Court dismissed the case without prejudice under Rule 41(b), for failure to prosecute. Dkt. 14.

On November 24, 2025, Brown filed the Second Amended Complaint. Dkt. 15 ("SAC"). It alleges that Brown had sought relief through numerous courts over more than a decade and not received any; endured false allegations, unlawful arrests, and loss of custody to his ex-wife, Tiffany Cathey; and wrongfully been arrested at Bronx Family Court in January 2024. *Id.* ¶¶ 8–11. The SAC brings federal and state law claims, including under § 1983, against Cathey; Devon Strachen, who allegedly made "false reports" related to Brown; Officers Kenneth Joye and Maria Vinas, who allegedly arrested Brown in January 2024; and Jane/John Does 1–20. *Id.* ¶¶ 4–7.

On December 3, 2025, Judge Gorenstein ordered Brown to show cause, in the form of a memorandum or letter, why the SAC should not be dismissed for failure to state a claim. Dkt. 17 (the "December Order") at 1.[2] He noted that the SAC "lacks detail sufficient to state any of the claims [it] brings" and "contains only conclusory statements as to the actions of defendants." *Id.* at 2. On December 19, 2025, Brown responded in a filing resembling a pleading, which set forth "factual allegations" different from those in the SAC. Dkt. 18 ("Response") at 2–3.

On February 6, 2026, Judge Gorenstein issued a Report and Recommendation. Dkt. 19 ("Report"). It recommends dismissal of the SAC with prejudice and without leave to amend. *Id.* at 1. The Report found that the Response, which did not defend the SAC's allegations, failed to

---

[2] Because the Court had dismissed the action without prejudice, Judge Gorenstein reopened the case to consider the SAC. December Order at 1.

show why the SAC should not be dismissed. *Id.* at 8. To the extent that the Response could be construed to seek leave to file a third amended complaint, the Report found that leave should not be granted because Brown twice had been warned about the deficiencies in his earlier complaints but did not correct them. *Id.* at 9. The Report nevertheless considered the Response's allegations and found that they—like those in the Complaint, the FAC, and the SAC—did not state a claim under § 1983 or the other federal or state causes of action the Response identified. *Id.* at 10–12. On February 18, 2026, Brown objected to the Report. Dkt. 20 ("Objection").

For the following reasons, the Court adopts the Report in full.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Where the objecting party makes only "frivolous, conclusory or general objections, or simply reiterates [his] original arguments, the Court reviews the report and recommendation only for clear error." *Kamden-Ouaffo v. Balchem Corp.*, No. 17 Civ. 2810, 2021 WL 1101126, at *2 (S.D.N.Y. Mar. 23, 2021) (citation omitted). Objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*,

3

602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "New arguments and factual assertions cannot properly be raised for the first time in objections to the R&R, and indeed may not be deemed objections at all." *Hill v. Miller*, No. 15 Civ. 6256, 2016 WL 7410715, at *1 (S.D.N.Y. Dec. 21, 2016) (cleaned up).

Brown's objections do not warrant *de novo* review. They are general and conclusory, unresponsive to the Report, and/or raise new arguments or factual assertions. Brown's argument that the Report misapplied Federal Rule of Civil Procedure 12(b)(6) to the 2018 malicious prosecution claim, Objection at 1, fails because the SAC does not bring, and the Report did not consider, any malicious prosecution claim. His argument that the "grand jury presumption [of probable cause] does not warrant dismissal at this stage," *id.* at 2, fails because the Report did not base its dismissal recommendation on any such presumption. His argument that the Report "improperly conflates separate constitutional torts" (*i.e.*, Brown's 2018 prosecution and January 2024 assault), *id.* at 3, fails because the SAC does not contain allegations related to, and the Report did not address, any 2018 prosecution.[3] His argument that the Report "improperly elevate[d] the pleading burden," *id.* at 3, fails because it is unsupported by reference to any part of the Report, which construed the pleadings liberally based on Brown's *pro se* status, Report at 8. Finally, his argument that, as a *pro se* litigant, he should be granted leave to amend and the opportunity to cure "[a]ny perceived lack of specificity," Objection at 4, fails because it is conclusory and ignores the Report's detailed explanation why Brown should not be granted leave to amend, Report at 8–9.

---

[3] The Response also does not contain allegations related to, or bring any claim based on, a 2018 prosecution. The Response's only allegation relating to 2018 is that Brown and Cathey were "subject to New York Family Court custody orders entered between 2017–2018." Response at 2. Thus, even if the Court treated the Response as the operative pleading, the Objection would still raise arguments and factual assertions not presented to Judge Gorenstein.

Based on these deficiencies, clear error review is appropriate. *See, e.g., Andrews v. City of New York*, No. 19 Civ. 5622, 2022 WL 1711680, at *2 (S.D.N.Y. May 27, 2022) (reviewing for clear error where objections were "irrelevant" and "not specific to" R&R); *Ravi v. Citigroup Glob. Markets Holdings, Inc.*, No. 21 Civ. 2223, 2022 WL 3910599, at *2 (S.D.N.Y. Aug. 31, 2022) (same where objections "are not aimed at any findings" in R&R); *Feder v. Costco Wholesale Corp.*, No. 17 Civ. 3708, 2017 WL 2992490, at *2 (E.D.N.Y. July 14, 2017) (same where defendant "makes only conclusory and general objections to the R&R"); *see also Rosenberg v. Lashkar-e-Taiba*, No. 10 Civ. 5381, 2017 WL 11647006, at *4 (E.D.N.Y. Mar. 31, 2017) (refusing to consider objection "because it is a new argument and not a proper objection").

The Court accordingly reviews the Report for clear error. Far from revealing a facial error in any conclusion, a careful review of the Report reveals it to be thorough, well-reasoned, and devoid of error. The Court accordingly adopts the Report's recommendation to dismiss the SAC with prejudice and without leave to amend.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Gorenstein's Report in its entirety. The Court dismisses the SAC with prejudice and without leave to amend.

The Court respectfully directs the Clerk of Court to mail a copy of this decision to Brown at the address on file and close this case.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: March 6, 2026
      New York, New York